**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4107**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

JOSE ALVARADO-IBANEZ, a/k/a Jose Saucedo-Rios, a/k/a Ramon
Garcia-Perez, a/k/a Manuel Angel Perez,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge.   (5:07-cr-00206-FL-1)

Submitted:  January 14, 2009        Decided:  February 4, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George E. B. Holding, United States Attorney, Anne
M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Alvarado-Ibanez pled guilty to illegal reentry into the United States after deportation, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to a term of ninety-six months imprisonment. Alvarado-Ibanez argues on appeal that his sentence is unreasonable because the district court's departure above the guideline range pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3(a) (2007) was unwarranted and the departure from criminal history category V to VI was excessive. We affirm.

Alvarado-Ibanez had 11 criminal history points, which placed him in criminal history category V. He had previously been deported twelve times and had used forty-seven aliases. The sentences for ten of his prior convictions, including three for illegal reentry, as well as seven felony convictions for burglary, receiving stolen property, and a drug offense, were too old to be counted in his criminal history. See USSG § 4A1.2(e).

The district court determined that a departure was warranted because Alvarado-Ibanez's record indicated a high likelihood that he would again enter the country illegally and that he would commit additional crimes. In making this determination, the court considered his record of recidivism and

2

uncounted prior sentences, as well as the sentencing factors set out under 18 U.S.C. § 3553(a) (2006).

We review a sentence for abuse of discretion. See Gall v. United States, ___ U.S. ___, 128 S. Ct. 586, 597 (2007). First, we must "ensure that the district court committed no significant procedural error," including improperly calculating the Guidelines range, not considering the § 3553(a) factors, relying on clearly erroneous facts, or giving an inadequate explanation for the sentence. Id. at 597; United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597. If the sentence is outside the guideline range, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

Under USSG § 4A1.3, a district court may depart upward from an applicable Guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." USSG § 4A1.3(a). In deciding whether a departure is warranted under § 4A1.3, a

sentencing court may consider prior sentences for similar, or serious dissimilar, criminal conduct not counted in the defendant's criminal history because the sentence is outside the applicable time period. USSG § 4A1.2, comment. n.8. The district court decided that Alvarado-Ibanez's long history of illegally entering the United States and committing crimes while in this country established a high likelihood that he would illegally reenter again after his release from custody. The court also considered Alvarado-Ibanez's many serious but uncounted felony convictions. We conclude that the court's decision to depart under § 4A1.3 and its one-category departure from category V to category VI was factually supported and that the resulting sentence was reasonable. Moreover, the court adequately explained its reasons for the departure.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4